**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF THE** | **§** | **C.A. NO. 4:26-CV-00515** |
| **COMPLAINT OF TORRENT OIL,** | **§** | |
| **LLC, AS OWNER AND OPERATOR** | **§** | **ADMIRALTY RULE 9(h)** |
| **OF THE M/V DIANE FOR** | **§** | |
| **EXONERATION FROM OR** | **§** | |
| **LIMITATION OF LIABILITY** | **§** | |

**DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

A Rule 26(f) conference has not been conducted because this is an action for limitation of liability brought pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims (the "Supplemental Rules"), and the Limitation of Liability Act, 46 U.S.C. Section 30501, *et seq.*, and no parties other than Petitioner have appeared. Pursuant to Rule F of the Supplemental Rules, Petitioner Torrent Oil, LLC filed an Unopposed *Ex Parte* Motion for Entry of Initial Order on January 22, 2026 [Dkt. 3], which remains pending. Because notice of the limitation action has not been approved or published, there are no claimants in this matter with whom Petitioner could confer.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

*Robert Kitsmiller v. Torrent Oil, LLC, Torrent Oil & Gas, LLC, and TR Offshore, LLC,* Cause No. 2025-50815, 164th Judicial District Court, Harris County, Texas (the "State Court Action").

**3. <u>Briefly</u> describe what this case is about.**

This is an admiralty and maritime action brought by Torrent Oil, LLC pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Admiralty or Maritime Claims, and the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq*., seeking exoneration from or limitation of liability. The action arises out of an alleged incident on or about March 18, 2024, involving the *M/V DIANE*, a vessel owned and operated by Petitioner. Robert Kitsmiller, Plaintiff in the State Court Action, alleges that he sustained personal injuries while working aboard the vessel when an engine room door allegedly fell and struck him. Petitioner denies liability and alleges that any loss, damage, or injury occurred without its privity or knowledge. Petitioner seeks

exoneration from liability or, alternatively, limitation of liability to the value of the vessel and her freight then pending.

**4. Specify the allegation of federal jurisdiction.**

This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

**5. Name the parties who disagree and the reasons.**

At this time, no parties disagree, as no claimants have appeared.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None at this time. Petitioner expects that once the Court approves the Notice to Claimants and sets a claim deadline, Robert Kitsmiller (plaintiff in the underlying State Court Action) will file a claim.

**7. List anticipated interventions.**

None.

**8. Describe class-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Initial disclosures under Rule 26(a)(1) are not applicable at this stage of this admiralty limitation proceeding. Disclosures will be exchanged if and when claimants appear.

**10. Describe the proposed discovery plan, including:**

**A. Responses to all the matters raised in Rule 26(f).**

Discovery will proceed in accordance with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, subject to further order of the Court.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

Petitioner anticipates propounding interrogatories once any claimants appear.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Not applicable at this time.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Petitioner anticipates taking the deposition of any claimants, any fact witnesses identified in claimants' disclosures, and any experts or treating physicians identified by any claimants.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Not applicable at this time.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Petitioner anticipates designating experts, if necessary, within 120 days after claimants appear. Responsive expert deadlines will follow pursuant to the Court's scheduling order.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Not applicable at this time.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Not applicable at this time.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable at this time.

.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

Unknown until any claimants appear.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Settlement discussions are premature at this stage, as no claimants have appeared and notice to potential claimants has not been published. Petitioner anticipates that once all parties have appeared, the dispute will be suitable for mediation after an adequate time for discovery.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Petitioner initiated this limitation proceeding to centralize claims and promote efficient resolution.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Petitioner anticipates mediation will be appropriate after the appearance of claimants and adequate discovery occurs.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' position on a trial before a magistrate judge.**

Due to the absence of any claimants, the parties cannot consent to trial before a magistrate judge at this time.

**18. State whether a jury demand has been made and if it was made on time.**

No jury is available in this Rule 9(h) proceeding.

**19. Specify the number of hours it will take to present the evidence in this case.**

Unknown at this time, and will depend on the number of claimants, if any, who appear in this limitation action.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Petitioner's Unopposed *Ex Parte* Motion for Entry of Initial Order [Dkt. 3].

**21. List other motions pending.**

None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

At this time, Petitioner does not believe there are any other matters relevant to the status and disposition of this case aside from the pending Unopposed *Ex Parte* Motion for Entry of Initial Order.

**23. List the names, bar numbers, addresses and telephone numbers of all counsel.**

Marc G. Matthews
Federal Bar No. 705809
Texas Bar No. 24055921
Amanda J. Kujda
Federal Bar No. 685206
Texas Bar No. 24053565
Brandon A. O'Quinn
Federal Bar No. 3099397
Texas Bar No. 24092914
Andrew R. Nash
Federal Bar No. 1690806
Texas Bar No. 24083550
Phelps Dunbar LLP
1001 Fannin Street, Suite 2200
Houston, Texas 77002
Telephone: 713-626-1386
**COUNSEL FOR TORRENT OIL, LLC.**

The parties reserve the right to amend or supplement this Plan as necessary.

Respectfully submitted,

BY: *<u>/s/ Marc G. Matthews</u>*
Marc G. Matthews
Federal Bar No.: 705809
Texas Bar No.: 24055921
1001 Fannin Street, Suite 2200
Houston, Texas 77002
Telephone: 713-626-1386
Facsimile: 713-626-1388
marc.matthews@phelps.com

**ATTORNEY-IN-CHARGE FOR TORRENT OIL, LLC**

Of Counsel:

**PHELPS DUNBAR LLP**
Amanda J. Kujda
Federal Bar No.: 685206
Texas Bar No. 24053565
amanda.kujda@phelps.com
Brandon A. O'Quinn
Federal Bar No.: 3099397
Texas Bar No.: 24092914
brandon.oquinn@phelps.com
1001 Fannin St., Ste. 2200
Houston, Texas 77002
Telephone: 713-626-1386
Facsimile: 713-626-1388

## CERTIFICATE OF SERVICE

I certify that on this 14th day of April 2026, the foregoing was electronically served on all counsel of record via the Court's CM/ECF system.

*<u>/s/ Marc Matthews</u>*
Of Phelps Dunbar LLP